CV 13-5382



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DAQUAN HOLMES,

                    Plaintiff,

    -vs-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, POLICE OFFICER CARL
PATTELLI (Shield No. 15304), POLICE OFFICER
MICHAEL SMERTIUK (Shield No. 29506), MARJORIE
MERZIER, JACQUES AUSTIN, LUTHER FIEFIE, and
JOHN/JANE DOES, 1-5, individually, who were involved in
the incident resulting in plaintiff's arrest and injuries,

                  Defendants.

------------------------------------------------------------------------X

**ECF Case No.**

**COMPLAINT WITH
JURY DEMAND**

COGAN, J.

      Plaintiff, DAQUAN HOLMES, by his attorneys, GOLDBERG & LASSON, complaining of

the Defendants, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

    1.     This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and

1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the

common law of the State of New York, against the CITY OF NEW YORK, New York City Police

Commissioner RAYMOND W. KELLY, Police Officers CARL PATTELLI and MICHAEL

SMERTIUK, JOHN/JANE DOES #'s 1-5, individually, all being police officers, sergeants, captains,

or detectives employed by the New York City Police Department, and MARJORIE MERZIER,

JACQUES AUSTIN, and LUTHER FIEFIE. Jurisdiction in this action is based upon 28 U.S.C. §§

1331 and 1343, and on the pendent jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to

entertain claims arising under state law.

    2.     The amount in controversy exceeds $150,000.00, excluding interest and costs.

3.      Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within, the boundary of the Eastern District of New York.

4.      It is alleged that on October 2, 2010, and continuing thereafter, the individual Defendants, CARL PATTELLI, MICHAEL SMERTIUK, and JOHN / JANE DOES #'s 1-5, all employed by the New York City Police Department, acting under color of state law, intentionally and willfully subjected Plaintiff, DAQUAN HOLMES, to, *inter alia*, false arrest, illegal imprisonment, and malicious prosecution upon making an unreasonable seizure of the person of the Plaintiff. These actions violated DAQUAN HOLMES' rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations and torts were committed as a result of policies and customs of the New York City Police Department.

5.      Plaintiff, DAQUAN HOLMES, seeks monetary damages (special, compensatory and punitive) against the Defendants, as well as an award of costs and attorneys' fees, and any such other and further relief as the Court deems just and proper.

## THE PARTIES

6.      At all times set forth herein, Plaintiff, DAQUAN HOLMES was and is of full age, a resident of the State of New York and a United States citizen.

7.      At all times set forth herein, Defendant CITY OF NEW YORK ("City of New York") was and is a municipal corporation organized under the laws of the State of New York.

8.      At all times set forth herein, Defendant RAYMOND W. KELLY ("Commissioner Kelly") was the Commissioner of the New York City Police Department and as such was a policymaker with respect to the training, supervision, and discipline of New York City Police

Department officers, including the individual defendants named herein. Defendant Kelly is being sued in both his individual and official capacities.

9.     At all times set forth herein, Defendants, POLICE OFFICER CARL PATTELLI ("Defendant Pattelli"), POLICE OFFICER MICHAEL SMERTIUK ("Defendant Smertiuk"), and JOHN / JANE DOES #'s 1-5, were New York City police officers, sergeants, captains, or detectives of the New York City Police Department and who were acting under color of law, namely under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York. They are each sued in their individual and official capacities as a result either of their actions giving rise to the claims herein, or in their capacity as policymakers with respect to the training, supervision, and discipline of officers under their command.

10.     At all times set forth herein, the New York City Police Department was the public employer of the officers which are named as defendants herein, and an agency of Defendant, City of New York.

11.     At all times set forth herein, and upon information and belief, Defendants, MARJORIE MERZIER ("Defendant Merzier"), JACQUES AUSTIN ("Defendant Austin"), and LUTHER FIEFIE ("Defendant Fiefie"), were residents of the State of New York.

## THE FACTS

12.     On or about October 2, 2010, Plaintiff, DAQUAN HOLMES, was working as a sales clerk at Reflections, Inc. ("Reflections"), his place of employment, located at 1051 Flatbush Avenue in Brooklyn, New York. Plaintiff began his work shift that morning at approximately 10:00 a.m., and his shift was scheduled to end at 8:30 p.m.

13.     At approximately 7:30 p.m. on the evening of October 2nd, 2010, Plaintiff, DAQUAN

-3-

HOLMES, placed his cell phone near the front of the store to charge. Shortly thereafter, two unidentified males entered the store along with an unidentified female.

14.    While these three individuals were unknown to Plaintiff at that time, upon information and belief, these individuals were Defendants Merzier, Austin, and Fiefie.

15.    As Plaintiff walked toward the back of the store to assist another customer, he witnessed Defendants Austin and Fiefie walking toward his cell phone.

16.    Upon returning to the front of the store after assisting the customer, Plaintiff, DAQUAN HOLMES, realized that his cell phone was missing. After informing the Reflections store owner of the theft of his phone, Plaintiff walked outside of the store and approached Defendants Austin and Fiefie to ascertain if they had any information as to who may have taken his cell phone. Defendants Austin and Fiefie both denied having knowledge with respect to the missing cell phone.

17.    Shortly thereafter, Defendant Merzier re-appeared and began shouting at the Plaintiff, DAQUAN HOLMES, stating, in sum and substance, that she and Defendants Austin and Fiefie were employed and that they had no need for his cell phone. Defendant Merzier then left the scene.

18.    Plaintiff, DAQUAN HOLMES, then asked Defendants Austin and Fiefie if he could borrow one of their cell phones, so that he could call his own phone in an attempt to locate it. One of the Defendants obliged, and Plaintiff began to call his missing phone.

19.    While Plaintiff, DAQUAN HOLMES, was attempting to go locate his phone, Defendant Pattelli and Defendant Smertiuk arrived on the scene.

20.    Defendant Merzier then re-appeared and began shouting, in sum and substance, that Plaintiff had a gun. Defendants Pattelli and Smertiuk then pulled their weapons, and pointed them Plaintiff, DAQUAN HOLMES, who immediately threw up his hands, declared that he had no gun,

and begged Defendants Pattelli and Smertiuk not to shoot him.

21.     Defendants Pattelli and Smertiuk then approached Plaintiff, DAQUAN HOLMES, searched him and came up with nothing but immediately threw him to the ground and placed him in handcuffs, despite the Plaintiff's telling the Defendant officers that Austin and Fiefie voluntarily gave him a cell phone in an attempt to locate his own missing phone.

22.     The owner of Reflections then emerged from the store and also expressly told Defendants Pattelli and Smertiuk that Plaintiff, DAQUAN HOLMES, had done nothing wrong and committed no crime. Defendants Pattelli and Smertiuk wholly ignored her and refused to even take her statement. The store owner again attempted to speak with the Defendant officers, but once more her words were ignored.

23.     Plaintiff, DAQUAN HOLMES, was then transported to the 70th Precinct in Brooklyn and, upon information and belief, formally charged with Robbery in the Third Degree (P.L. § 160.05), Grand Larceny in the Fourth Degree (P.L. § 155.30), Menacing in the Second Degree (P.L. § 120.14), Petit Larceny (P.L.§ 155.25), Unauthorized Use of a Vehicle in the Third Degree (P.L. § 165.05), Criminal Possession of Stolen Property in the Fifth Degree (P.L. § 165.40), Menacing in the Third Degree (P.L. §§120.15), and Harassment in the Second Degree (P.L. § 240.26), in the Criminal Court of the City of New York, County of Kings, under Docket No. 2010 2010-KN-078491. As a result, Plaintiff, DAQUAN HOLMES, was incarcerated for approximately seven (7) days.

24.     Throughout his incarceration, upon information and belief, Defendants refused to acknowledge exculpatory evidence which they were presented with that established with certainty that Plaintiff, DAQUAN HOLMES, had committed no criminal offense. Instead, Defendants chose to ignore that exculpatory evidence and instead maliciously continue forward with his criminal

-5-

prosecution.

25.     On February 2, 2011, all of the above-stated criminal charges against Plaintiff, DAQUAN HOLMES, were dismissed in his favor, and the case was sealed pursuant to CPL § 160.50.

26.     At no time during the events described above was Plaintiff, DAQUAN HOLMES, intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly; nor had he committed any criminal offense.

27.     At all times during the events described above, the Defendant police officers were engaged in a joint venture. The individual officers assisted each other in carrying out the actions described above, and lent their physical presence and support as well as the authority of their office to each other during the said events.

28.     Defendants, City of New York, and the individually named police officers, Defendants Pattelli and Smertiuk, are required to investigate basic evidence and to ascertain whether there is probable cause to believe both that a crime has been committed and that the suspect committed the crime, before undertaking a warrantless arrest or detention of his person. Defendants utterly failed to do so here and, in fact, ignored direct evidence to the contrary.

29.     Defendants had no warrant for the arrest of Plaintiff, DAQUAN HOLMES, no probable cause for his arrest, and no legal cause or excuse to seize his person.

30.     Plaintiff, DAQUAN HOLMES, was arbitrarily and falsely detained, imprisoned and charged with the above-cited criminal charges.

31.     As a direct and proximate result of the said acts of the Defendants, Plaintiff, DAQUAN HOLMES suffered the following injuries and damages:

            a.      Violation of his constitutional rights under the Fourth and Fourteenth

-6-

Amendments to the United States Constitution, as well as his rights under the common law, to be free from an unreasonable search and seizure of his person;

b.      Loss of his physical liberty;

c.      Loss of employment and loss of earnings.

32.    The actions of the Defendants violated the long-established and well-settled federal constitutional rights of Plaintiff, DAQUAN HOLMES, namely the freedom from the unreasonable seizure and unlawful arrest of his person.

**AS AND FOR A FIRST CAUSE OF ACTION**
**42 U.S.C. SECTION 1983 AGAINST DEFENDANTS**
**FALSE ARREST AND ILLEGAL IMPRISONMENT**

33.    Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth herein at length.

34.    Defendants Pattelli, Smertiuk, and John/Jane Does #1-5 illegally arrested and illegally imprisoned the Plaintiff, DAQUAN HOLMES. In doing so, Defendants not only engaged in intentional conduct, but they did so either with the intent to violate Plaintiff's federal rights or with reckless disregard for whether their conduct would violate such rights.

35.    Plaintiff, DAQUAN HOLMES, claims damages for the violation of Plaintiff's constitutional rights and for the injuries set forth above under 42 U.S.C. Section 1983 against Defendants Pattelli, Smertiuk, and John/Jane Does #1-5, all of whom were engaged in the actions and conduct alleged herein in their official capacities as New York City police officers, while acting under color and authority of federal and state law, regulation, ordinance, custom and usage. Defendants' acted within the course and scope of their employment by the New York City Police Department of

Defendant City of New York.

36.     Such actions served to deprive Plaintiff, DAQUAN HOLMES, of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Section 1983 of 42 U.S.C. In particular, Plaintiff was deprived of his right to due process of law and his right to happiness and to liberty.

37.     Plaintiff, DAQUAN HOLMES, has been damaged as a result of Defendants' wrongful acts in the amount of Five Million Dollars ($5,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. SECTION 1983 AGAINST DEFENDANTS
## MALICIOUS PROSECUTION

38.     Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth herein at length.

39.     Defendants actively initiated and continued the prosecution of Plaintiff, DAQUAN HOLMES, in a criminal action in the Criminal Court of the City of New York, County of Kings, under Docket No. 2010-KN-078491, on the charges set forth above.

40.     All charges brought against Plaintiff, DAQUAN HOLMES, in the aforementioned criminal action were dismissed by the Court in his favor.

41.     Defendants acted without probable cause in initiating and continuing the prosecution of Plaintiff, DAQUAN HOLMES, in the aforementioned criminal action.

42.     Defendants acted with malice in initiating and continuing the prosecution of Plaintiff, DAQUAN HOLMES, whom they knew or in the reasonable discharge of their duties should have known, was not guilty of the aforementioned criminal charges.

43.     As a result of this malicious prosecution, Plaintiff, DAQUAN HOLMES, suffered

damages as aforesaid in the amount of Five Million Dollars ($5,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. SECTION 1983 AGAINST DEFENDANTS
## INADEQUATE SUPERVISION AND TRAINING

44.     Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth herein at length.

45.     Prior to October 2, 2010, Defendants City of New York and Commissioner Kelly developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens, which caused the violation of Plaintiff's rights.

46.     It was the policy and/or custom of Defendants City of New York and Commissioner Kelly to inadequately supervise, train, discipline, sanction or otherwise direct its police officers, including the Defendant officers named in this case, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The New York City Police Department did not require appropriate in-service training of officers on the subject of police misconduct, nor did it take measures to prevent such constitutional abuses such as described herein.

47.     As a result of the policies and customs developed and maintained by the Defendants, police officers of the New York City Police Department, including Defendants Pattelli, Smertiuk, and John / Jane Does #'s 1-5 named in this case, believed that their actions would not be properly monitored by supervisory officers, and that misconduct would not be investigated or sanctioned, but would be tolerated.

48.     The above-mentioned policies, practices and customs demonstrated a deliberate indifference on the part of policymakers of the New York City Police Department. Said policies, practices, and customs have served to encourage the police officers' unlawful conduct described

above, such conduct having adversely impacted upon the constitutional rights of citizens, and were the cause of the violations of the rights of Plaintiff, DAQUAN HOLMES, as is alleged herein.

49.     Plaintiff, DAQUAN HOLMES, has been damaged as a result of Defendants' wrongful acts in the amount of Five Million Dollars ($5,000,000.00).

<strong>AS AND FOR A FOURTH CAUSE OF ACTION<br>AGAINST DEFENDANTS MERZIER, AUSTIN, AND FIEFIE<br>COMMON LAW FALSE ARREST</strong>

50.     Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth herein at length.

51.     Defendants Merzier, Austin, and Fiefie acted with the intent to confine Plaintiff, DAQUAN HOLMES, have him arrested, and deprived of his liberty.

52.     Plaintiff, DAQUAN HOLMES, was conscious and aware of such confinement, did not consent to any such confinement, and the confinement was not otherwise privileged.

53.     Plaintiff, DAQUAN HOLMES, has been damaged as a result of Defendants' wrongful acts in the amount of Five Million Dollars ($5,000,000.00).

<strong>AS AND FOR A FIFTH CAUSE OF ACTION<br>AGAINST DEFENDANTS MERZIER, AUSTIN, AND FIEFIE<br>COMMON LAW MALICIOUS PROSECUTION</strong>

54.     Paragraphs 1 through 53 are incorporated herein by reference as though fully set forth herein at length.

55.     Defendants actively initiated and continued the prosecution of Plaintiff, DAQUAN HOLMES, in a criminal action in the Criminal Court of the City of New York, County of Kings, under Docket No. 2010-KN-078491.

56.     All charges brought against Plaintiff, DAQUAN HOLMES, in the aforementioned

-10-

criminal action were dismissed by the Court in his favor.

57.    Defendants acted without probable cause in initiating and continuing the prosecution of Plaintiff, DAQUAN HOLMES, in the aforementioned criminal action.

58.    Defendants acted with malice in initiating and continuing the prosecution of Plaintiff, DAQUAN HOLMES, in the aforementioned criminal action.

59.    Plaintiff, DAQUAN HOLMES, has been damaged as a result of Defendants' wrongful acts in the amount of Five Million Dollars ($5,000,000.00).

> **WHEREFORE**, Plaintiff, Daquan Holmes demands judgment against the Defendants, jointly and severally, in the amount of $5,000,000.00 on each of his respective causes of action, punitive damages against Defendants in the amount of $5,000,000.00 on each of his respective causes of action, an award of reasonable attorneys fees and litigation expenses, and such other and further relief as this Court may deem appropriate, just, and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated:  Brooklyn, New York
         September 26, 2013

Donald Drew Goldberg, Esq.
GOLDBERG & LASSON
*Attorney for Plaintiff, Daquan Holmes*
26 Court Street, Suite 2100
Brooklyn, New York 11242
Telephone: (718) 858-4915
Facsimile: (718) 858-3190
E-mail: ddg.trials@gmail.com

-11-